UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOSEPH PEREIRA,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>Respondent. | No.  2:14-cv-0530 LKK AC P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the order filed on March 4, 2014, petitioner has submitted the appropriate affidavit in support of a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Exhaustion

Petitioner is serving a sentence of six years and six months following his 2012 conviction in Sacramento County Superior Court for second degree robbery, attempted carjacking, being a felon in possession of a firearm and resisting arrest.  Petition at 1.  Petitioner challenges his conviction/sentence on nine (9) grounds.  Id. at 5-9, 16-21.  Of those, petitioner asserts exhaustion only as to ground four, his claim that the trial court erred in instructing the jury as to the intent required for robbery.  Id. at 10.  Petitioner expressly states that he has not exhausted any of the

1

1  other grounds. Id. at 12.

2      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

    Petitioner's options are (1) to voluntarily dismiss his eight (8) unexhausted claims and proceed on the exhausted claim 4 only; or (2) to seek a stay of the instant action pending exhaustion of the unexhausted claims.

    If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) that the claim or claims at issue potentially have merit, and (3) that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78.

    Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his federal petition to reincorporate the newly exhausted claims. Kelly, 315 F.3d at 1070 71. The Kelly stay-and-abeyance procedure does not require a showing of good cause or potential merit. However, using the Kelly procedure means

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

that any newly-exhausted claims later added to the federal petition by amendment must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King v. Ryan, supra, 564 F.3d at 1141.

Petitioner must file a notice within twenty-eight days stating how he wishes to proceed. If petitioner wishes to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances. If petitioner wants to stay this case while exhausting claims 1 through 3 and 5 through 9 in state court, he must specify whether he seeks a stay under Rhines or under Kelly. If he wishes to proceed in this court on a mixed petition, he must file a motion for a stay addressing the Rhines factors, showing good cause for his failure to have first exhausted his eight unexhausted claims in state court, that each of these claims potentially have merit, and that there is no evidence he has been intentionally dilatory in pursuing the litigation. In the alternative, petitioner may request a Kelly stay as outlined in King v.Ryan, supra. As previously noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to this court.

Request for Bail

Petitioner asks that he be released on bail during the pendency of the instant petition. He states that he has served two and a half years of his six and a half year sentence and is not a flight risk. ECF No. 8.

*Standard for Bail Pending Collateral Review*

It is within the inherent power of a district court to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus. See e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878 (1973); Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam). However, the bail standard for a person seeking collateral review is markedly different from the standard applied to a pretrial detainee. Persons accused of crimes

3

and awaiting trial are presumed innocent and thus enjoy an Eighth Amendment right to be free from excessive bail. Stack v. Boyle, 342 U.S. 1, 4 (1951). In contrast, a habeas corpus petitioner requesting postconviction relief has already been convicted and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom, however conditional. Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).

> It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail *even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail.*

In a Ninth Circuit case decided prior to Aronson, it was held that:

Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964) (emphasis added) (footnote omitted). In Aronson, which cites the Ninth Circuit's decision in Benson, an applicant requested bail pending appeal from the denial of his petition for writ of habeas corpus. Justice Douglas set forth the following guidelines for determining when a habeas corpus petitioner could be released on bail:

> In this kind of case it is therefore necessary to inquire whether, in addition to there being *substantial questions* presented by the appeal, there is some circumstance making this application *exceptional* and deserving of special treatment in the interests of justice. See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

Aronson, 85 S. Ct. at 5 (emphasis added). Thus, Aronson requires a petitioner to demonstrate that his underlying claim raises substantial questions and that his case presents exceptional circumstances.

Moreover, a number of cases interpreting the first prong of the Aronson analysis have required that petitioner's claims be more than substantial. See, e.g., Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending post-conviction relief only when petitioner raises substantial constitutional claims upon which he has a high probability of success and when extraordinary or exceptional circumstances exist); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail unless petitioner presents not only a clear case on the law but a readily apparent case on the facts); see also Richardson v. Wilhelm, 587 F. Supp. 24, 25 (D. Nev. 1984); Monroe v. State Court of Fulton County, 560 F.

4

1  Supp. 542, 545 (N.D. Ga. 1983).

2  Courts have also narrowly construed the second prong of the Aronson analysis, the presence of exceptional circumstances justifying relief. See Calley, 496 F.2d at 702.  Exceptional circumstances may be found and, in the court's discretion, warrant a petitioner's release on bail where:  (1) petitioner's health is seriously deteriorating while he is incarcerated, Woodcock v. Donnelly, 470 F.2d 93 (1st Cir. 1972) (per curiam); Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1955); (2) there is an extraordinary delay in the processing of a petition, Glynn, 470 F.2d at 95; and (3) the petitioner's sentence would be completed before meaningful collateral review could be had, Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state courts, despite state courts' precedents denying relief for his claim, and feared petitioner's sentence would run before exhaustion could be completed); see also Goodman v. Ault, 358 F. Supp. 743 (N.D. Ga. 1973).

Petitioner has demonstrated neither a high probability of success on the merits nor exceptional circumstances.  Accordingly, the motion for bail is denied.

Motion to Augment the Record with Robbery Victim's Medical Records

Coupled with petitioner's rather cursory request for bail is an equally sparse request to expand the record with the medical records of the alleged robbery victim, Broderick Crethers. ECF No. 8.  Petitioner states that the records were maintained in Sacramento County Superior Court for the express purpose of making them available in the context of proceedings in a higher court. Id. at 2.  Petitioner argues that there is a strong probability that the records will show Mr. Crethers, who was a key witness against him, to be incompetent. Id.  It is apparent that petitioner does not have these records.  Accordingly, the request appears to be one for discovery rather than expansion of the record.[2]  Petitioner makes no showing of good cause for discovery as required by Rule 6 of the Rules Governing § 2254 Cases.  Moreover, the requested discovery appears related to claims that have not yet been exhausted.  The federal habeas court may not order

---

[2] Under Rule 7(a) of the Rules Governing § 2254 Cases, a "judge may direct *the parties* to expand the record by submitting additional materials relating to the petition." 28 U.S.C. § 2254 Rule 7(a).

5

discovery related to unexhausted claims. Calderon v. United States Dist. Court, 13 F.3d 149 (9th Cir. 1997).

This court's habeas review is limited in most cases to the evidentiary record that is considered first by the state court during exhaustion proceedings. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011); see also 28 U.S.C. § 2254(d)(2). The federal record can be expanded to introduce new evidence only under very limited circumstances, and where the petitioner was not responsible for failing to develop the evidence in state court. Holland v. Jackson, 542 U.S. 649, 652-53 (2004). If petitioner wishes to exhaust his additional claims, he may seek the victim's medical records in the context of his state habeas proceedings.[3] Inclusion of the evidence in the state habeas record will ensure its consideration in this court following exhaustion.

At this point, petitioner's motion to augment/expand the record is both premature and without foundation. It will accordingly be denied.

Request for Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 10) is granted;

2. Within twenty-eight days petitioner shall file a notice addressing how he wishes to proceed as to his unexhausted claims;

3. If plaintiff seeks a stay, he shall within twenty-eight days file a motion for a stay in accordance with this order;

4. Petitioner's motion for bail and to augment the record (ECF No. 8) is denied; and

---

[3] Petitioner may, for example, move the superior court for release of the records.

5.  Petitioner's motion for appointment of counsel (ECF No. 9) is denied without prejudice.

DATED: Apil 3, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE