UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD JOSEPH PEREIRA,

Petitioner,

v.

GARY SWARTHOUT,

Respondent.

No.  2:14-cv-00530-KJM-AC P

FINDINGS & RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 24. Pending before the court is respondent's motion to dismiss on the grounds that petitioner has not exhausted all of the claims as required by 28 U.S.C. § 2254(b)(1)(A).  ECF No. 34.  Petitioner has filed an opposition to the motion to dismiss stating that all claims have been exhausted.  ECF No. 36.

I.    Factual and Procedural Background

A jury convicted petitioner of robbery, attempted carjacking, being a felon in possession of a firearm, and resisting an officer.  ECF No. 24 at 1; Lod. Doc. 1 at 1.  He was sentenced to six years and six months in state prison.  Id.

A.  Direct Review

Petitioner, with the assistance of counsel, appealed to the California Court of Appeal,

1

1  Third Appellate District. ECF No. 24 at 2. The Court of Appeal affirmed the judgment on July

2  23, 2013. Id.; Lod. Doc. 1 at 8. Petitioner sought review in the California Supreme Court on the

3  ground that his due process rights were violated when the trial court failed to instruct the jury on

4  when the specific intent to take property had to be formed. Lod. Doc. 2 at 13-26.

5        As part of his petition for review, petitioner also joined in any claims raised by his co-

6  defendant, Felicia Vasquez, in her petition for review in accordance with California Rule of Court

7  8.504(e)(3). Lod. Doc. 2 at 27. However, a review of the docketing system for the California

8  Court of Appeal[1] shows no petition for review to the California Supreme Court in his co-

9  defendant's case.[2] A search of the California Supreme Court's online docketing system also

10 returns no results for Felicia Vasquez.

11       The petition was denied September 25, 2013. Lod. Doc. 3.

12       B.  State Collateral Review

13       Petitioner did not initially file an application for post-conviction or other collateral review

14 in state court before filing the original petition in this case. ECF No. 1 at 3. On June 5, 2014, this

15 court granted petitioner a stay to exhaust his claims in state court. ECF No. 15. In his first

16 amended petition, petitioner indicated that he filed a state habeas petition in the Sacramento

17 County Superior Court and the Supreme Court of California around June or July 2014. ECF No.

18 24 at 2-3; ECF No. 36. A review of the Sacramento Superior Court's online docketing system

19 reveals a habeas petition assigned case number 14HC00322, which was filed by the court on May

20 27, 2014, and denied on July 9, 2014.[3] A review of the docketing system for the California Court

21

22 [1] The court "may take notice of proceedings in other courts, both within and without the federal
   judicial system, if those proceedings have a direct relation to matters at issue." United States ex
23 rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
   (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court
24 may take judicial notice of facts that are capable of accurate determination by sources whose
   accuracy cannot reasonably be questioned).
25 [2] Docket for case number C071762 available at:
26 http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2022194&doc_no
   =C071762.
27 [3] Docket for case number 14HC00322 available at:
   https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sou
28 rceKey=1459808.

2

of Appeal shows two habeas petitions, filed by petitioner in the Third Appellate District.  The petition in case number C075884 was filed by the court on February 28, 2014, and denied on March 6, 2014.[4]  The petition in case number C076393 was filed by the court on May 5, 2014, and denied on May 8, 2014.[5]  A review of the California Supreme Court's online docketing system indicates that petitioner has not filed anything in that court other than his direct appeal.

    C.  Federal Petition

On February 24, 2014, the Clerk of Court filed petitioner's petition for writ of habeas corpus in this court.  ECF No. 1.  This court granted a stay of Ground 4, the sole exhausted claim, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  ECF No. 15.  The remaining eight claims were stricken and petitioner was instructed to file an amended petition once he exhausted his claims.  Id.  On October 9, 2015, the Clerk of Court filed petitioner's motion to proceed on his federal habeas petition (ECF No. 19) and this court subsequently lifted the stay (ECF No. 20).  Petitioner proceeded to file a first amended petition that alleges eight grounds for relief, including (1) denial of due process based on a failure to preserve exculpatory evidence, (2) perjured testimony, (3) insufficient evidence to support a conviction for robbery, (4) erroneous jury instruction, (5) denial of a fair jury deliberation due to the jury's confusion over the necessary elements for robbery, (6) admission of inadmissible evidence, (7) newly discovered evidence, and (8) prosecutorial misconduct.  ECF No. 24.

II.    Motion to Dismiss

Respondent moves to dismiss the instant petition because it contains unexhausted claims.  ECF No. 34.  Respondent argues that Grounds 1-3 and 5-8 have not been exhausted in the state courts and therefore the petition should be dismissed.  Id. at 3.

III.    Opposition

In response to respondent's motion, petitioner argues that all of his claims have been

---

[4] Docket for case number C075884 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2070305&doc_no=C075884.

[5] Docket for case number C076393 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2076140&doc_no=C076393.

1   exhausted because they were raised with the California Supreme Court after he was granted a

2   Kelly stay in this case.  ECF No. 36.  Thus, petitioner requests the court consider the merits of all

3   eight grounds in his first amended petition.  Id.

4          IV.    Discussion

5          Habeas petitioners are required to exhaust state remedies before seeking relief in federal

6   court.  28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a

7   meaningful opportunity to consider allegations of constitutional violations without interference

8   from the federal judiciary.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  A petitioner satisfies the

9   exhaustion requirement by fairly presenting all federal claims to the highest state court before

10  presenting them to the federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).

11         Petitioner states that he has exhausted all of his claims because he filed a state petition for

12  writ of habeas corpus with the Sacramento County Superior Court and the California Supreme

13  Court.  ECF No. 24 at 2-3; ECF No. 36.  However, there is no record of petitioner filing a habeas

14  petition with the California Supreme Court.  Petitioner has not provided a case number or any

15  documentary evidence, such as an order from the California Supreme Court, to support his claim

16  that he filed a petition and that it was denied.  Additionally, this court has been unable to verify

17  through the California Supreme Court's online docketing system that any such petition was filed.

18  A habeas petitioner bears the burden of proving he has exhausted his state court remedies and

19  petitioner has not met his burden.  Cartright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Fisher

20  v. Ventura Cnty. Sheriffs Narcotics Agency, No. CV 14-04494-VBF-MAN, 2014 WL 2772705,

21  at *3, 2014 U.S. Dist. LEXIS 84331, at *9 (C.D. Cal. June 18, 2014) (noting "a petitioner who

22  seeks to challenge the lawfulness of his state-court conviction or sentence under AEDPA bears

23  the burden of affirmatively demonstrating that he has exhausted his state-court remedies"); King

24  v. Cate, No. 1:10-CV-01546 GSA HC, 2010 WL 4898726, at *1, 2010 U.S. Dist. LEXIS 128600,

25  at *2-4 (E.D. Cal. Nov. 23, 2010) (finding that petitioner's assertion that he had presented his

26  claims "at all levels of the California courts" was insufficient to meet his burden of proving

27  exhaustion where the California Supreme Court had no record of a petition being filed by

28  petitioner after the proceedings being challenged in his federal petition).

1    Even if the court were to assume that Grounds 1-3 and 5-8 were presented to the

2    California Court of Appeal, Third Appellate District through petitioner's co-defendant's direct

3    appeal,[6] or through his own petitions in that court, they have not been presented to the California

4    Supreme Court.  Since the claims in his co-defendant's appeal were not presented in a petition for

5    review, they were not properly incorporated under California Rule of Court 8.504(e)(3)[7] and

6    petitioner's own petitions to the Court of Appeal are insufficient to exhaust any claims contained

7    therein.  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (holding that California requires

8    presentation of claim to California Supreme Court in order to exhaust state remedies).  Therefore

9    Grounds 1-3 and 5-8 remain unexhausted.  The only claim in petitioner's first amended complaint

10   that was presented to the California Supreme Court is Ground 4, which was raised on direct

11   review.  Lod. Doc. 2 at 13.

12       It should be noted that part of petitioner's claim in Ground 5 overlaps with his claim in

13   Ground 4 and is therefore duplicative.  In Ground 4, petitioner alleges that the jury was not given

14   proper instructions regarding the elements of robbery because they were not instructed that intent

15   must be formed before or during the use of force or fear to commit the robbery.  ECF No. 24 at 5.

16   In Ground 5, petitioner alleges that he was denied a fair deliberation, due in part to the erroneous

17   jury instruction on the elements of robbery (alleged in Ground 4), which he claims caused the jury

18   to be confused about whether all of the elements had to be met to find petitioner guilty of robbery.

19   ECF No. 24 at 7; ECF No. 24-1 at 122-123.  To the extent that the jury's confusion was based on

20   the allegedly erroneous jury instruction and deprived petitioner of due process, it is duplicative of

21   Ground 4 and should also be dismissed for that reason.

22       V.    Conclusion

23       Respondent's motion to dismiss should be granted in part and Grounds 1-3 and 5-8 should

24   _____

25   [6] Respondent has provided a copy of the appellate court's opinion (Lod. Doc. 5) as evidence of
     the co-defendant's arguments, but the court cannot make a factual determination as to what
26   claims the petition made without seeing the petition itself.

27   [7] Rule 8.504(e)(3) provides that "[n]o incorporation by reference is permitted except a reference
     to a petition, an answer, or a reply filed by another party in the same case or filed in a case that
     raises the same or similar issues and in which a petition for review is pending or has been
28   granted."

5

1    be dismissed because petitioner did not present those claims to the California Supreme Court.

2    Because the claims were not presented to the California Supreme Court, petitioner has not

3    exhausted his state court remedies as to those claims.  This case should proceed on the merits

4    regarding Ground 4.

5           Accordingly, IT IS HEREBY RECOMMENDED that:

6           1.  Respondent's motion to dismiss be granted in part and Grounds 1-3 and 5-8 in

7    petitioner's first amended petition for writ of habeas corpus be dismissed as unexhausted.

8           2.  The case proceed on Ground 4 of the first amended petition.

9           3.  Respondent be directed to file an answer to Ground 4 of petitioner's habeas petition

10   within sixty days from the date of this order.  See Rule 4, 28 U.S.C. foll. § 2254.  An answer shall

11   be accompanied by all transcripts and other documents relevant to the issues presented in the

12   petition.  See Rule 5, 28 U.S.C. foll. § 2254

13          4.  Petitioner's reply, if any, be filed and served within thirty days after service of the

14   answer.

15          These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten days** after

17   being served with these findings and recommendations, any party may file written objections with

18   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

19   Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

20   filed and served within **seven days** after service of the objections.  **Due to exigencies in the**

21   **court's calendar, no extensions of time will be granted.**[8]  The parties are advised that failure to

22   file objections within the specified time may waive the right to appeal the District Court's order.

23   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24   DATED: February 23, 2017

25                                          ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE
26

27   [8]  Petitioner is informed that in order to obtain the district judge's independent review and
     preserve issues for appeal, he need only identify the findings and recommendations to which he
28   objects.  There is no need to reproduce his arguments on the issues.

6